ROBERT LINN TANNER, Administrator of the Succession of William B. Pearce, *v.* ASA TANNER.

The wages of an overseer are to be paid out of the product of the crop of the year, in preference to the claims of the lessor. C. C. 3226.

A lessor, though entitled to retain the things on which his lien exists, must, in order to be paid, have them sold in the manner provided by law ; and if any conflict arise, from adverse claims to the proceeds, a distribution must be made as provided by the 6th chapter of the 21st title, of the third book of the Civil Code, establishing the order in which privileged creditors are to be paid.

APPEAL from the District Court of Rapides, *King*, J. Three other cases were consolidated with this in the lower court, two of them being actions by overseers for their wages for parts of the current year, and the third a suit by another lessor of land occupied by the defendant. The Judge of the District Court ordered the claims of the overseers to be paid by preference to those of the lessors, out of the crops and utensils of husbandry seized on the premises. Tanner, as administrator of W. B. Pearce, alone appealed.

*Brent* and *O. N. Ogden*, for the appellant.

*Dunbar*, *Hyams* and *Elgee*, contra.

MORPHY, J. The only question which this case presents for our solution is, whether the lessor, or the overseer has the superior privilege on the crop of a plantation leased to the defendant. Article 3184 of the Civil Code, in enumerating the debts which are privileged on certain moveables, mentions the salaries of the overseers for the year last past, and so much as is due of the current year, on the product of the last crop, and the crop in the ground. It mentions also the rents of immoveables, and the hire of slaves employed in working the same, on the produce of the crop of the year, &c. This article only declares these two privileges to exist on the same thing, without making any provision in case of a conflict between them ; but article 3226 of the same code provides that, " with regard to the crops which are subject to the lessor's privilege, the expenses for seed and labor, the wages of overseers and managers, are to be paid out of the product of the year, in preference to the lessor's debt." The language of

this article is so plain, that it does not seem to admit of any controversy. The reason for the preference it gives to the overseer's wages over the rent of the lessor, is obviously, that it is the labor of the former which procures, or contributes to procure to the latter the subject matter on which he may exercise his privilege. But it is contended, that the right of the lessor is of a higher nature than a mere privilege ; that the latter can be enforced only on the price of the moveables subject to it, while the lessor may take the effects themselves on which his lien exists, and retain them until he is paid. Ib. art. 3185. This right of detention which is a part of the lessor's remedy, affords him to be sure, much greater security ; but, like the pledgee, and the creditor having only a privilege, he must have the thing subject to his lien sold in the manner provided by law. When this takes place, if a conflict should arise, in consequence of adverse claims on the same fund, a distribution of it must be made pursuant to that chapter of the code which treats of the order in which privileged creditors are to be paid. See Art. 3224, and the following, among which is article 3226, so clearly decisive of this controversy.

*Judgment affirmed.*